UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-21501-CIV-ALTONAGA/Brown

**JPMORGAN CHASE BANK, N.A.**,

    Plaintiff,

vs.

**HAYHURST MORTGAGE, INC.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant, Hayhurst Mortgage, Inc.'s ("Hayhurst['s]") Motion to Dismiss Plaintiff's Complaint and Claim for Attorney's Fees and Costs (the "Motion") [ECF No. 19], filed June 21, 2010. The Court has considered the parties' written submissions and the applicable law.

### I. BACKGROUND

Plaintiff, JPMorgan Chase Bank, N.A. ("Chase"), is a national banking association that entered into two contracts with Hayhurst. (*See* Compl. [ECF No. 1] ¶¶ 1, 4, 10, 22). Under the first contract, the Correspondent Agreement, Chase agreed to purchase six correspondent loans from Hayhurst. (*See id.* ¶ 10). Hayhurst in turn agreed "to immediately repurchase the related Loan . . . at the Repurchase Price" if the "Loan File or Credit File contains any Fraudulent Document regardless of whether . . . such Loan is delinquent." (*Id.* ¶ 17). The Correspondent Agreement defines a "Fraudulent Document" as "[a]ny Loan File document which, in the reasonable judgment of Chase, is falsified, defective, misleading or inaccurate in any material respect." (Compl. Ex. A [ECF No. 1-3] at 2). Chase alleges Hayhurst "breached its obligations under the Correspondent

Case No. 10-21501-CIV-ALTONAGA/Brown

Agreement six times by, *inter alia*, failing to repurchase the Subject Correspondent Loans, each of which loan files contained fraudulent documents." (*Id.* ¶ 103).

Under the second contract, the Home Equity Agreement, Chase agreed to purchase five home equity loans from Hayhurst. (*See id.* ¶ 22). For its part, Hayhurst guaranteed "[n]either this Agreement nor any statement, report, or other document furnished or to be furnished pursuant to this Agreement or in connection with the transactions contemplated hereby contain any untrue statement of fact or omit to state a fact necessary to make the statements contained therein not misleading." (*Id.* ¶ 23). Hayhurst further agreed to "repurchase any Eligible Loan . . . with respect to which there has been a breach of any representation or warranty contained in this Agreement." (*Id.* ¶ 26 (alteration in original)). Chase alleges Hayhurst "breached its obligations under the Home Equity Agreement five times by, *inter alia*, failing to repurchase the Subject Home Equity Loans, each of which breached Hayhurst Mortgage's representations and warranties under the Home Equity Agreement." (*Id.* ¶ 110).

Hayhurst requests the Court dismiss Chase's Complaint for (a) violating Federal Rule of Civil Procedure 8(a)(2); (b) failing to state a cause of action under Federal Rule of Civil Procedure 12(b)(6); and (c) failing to attach certain documents to the Complaint.[1]

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. —, 129

---

[1] Hayhurst also requests attorney's fees and costs, but fails to cite any case law supporting its request. This alone is sufficient reason to deny Hayhurst attorney's fees and costs. *See* S.D. FLA. L.R. 7.1(a) ("Every motion when filed shall include or be accompanied by a memorandum of law citing supporting authorities . . . .").

2

Case No. 10-21501-CIV-ALTONAGA/Brown

S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

### III. ANALYSIS

**A.     Failure to Adhere to Rule 8(a)(2)**

Hayhurst asserts the Complaint violates Rule 8(a)(2) because it is a shotgun pleading. A shotgun pleading is "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." *Lampkin-Asam v. Volusia County Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128–29 (11th Cir. 2001)). "Pleadings of this nature are prohibited by Rule 8(a)(2), which requires . . . 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

Chase asserts the complaint is not a "shotgun pleading" because (1) the "case involves only two parties," and "[t]hus there can be no confusion regarding which claims are associated with which defendant" (Mem. in Opp'n to Def.'s Mot. to Dismiss [ECF No. 21] at 6); (2) "all claims are breach of contract claims, so there can be no confusion regarding which type of claim applies to which loan" (*id.*); (3) "the incorporation of prior paragraphs [in a claim] is explicitly permitted under Rule 10(c)" (*id.* at 7); and (4) the Complaint complies with Rule 10(b) because "the claims [are] separated into different counts" (*id.* at 8).

Chase is correct that the Complaint involves only breach of contract claims between two parties. And although Rule 10(c) allows a plaintiff to incorporate prior paragraphs into a claim, Chase's Complaint is nevertheless a "shotgun pleading" because it fails to comply with Rule 10(b). *See* FED. R. CIV. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."). Chase alleges

Case No. 10-21501-CIV-ALTONAGA/Brown

Hayhurst breached the Correspondent Agreement six times by failing to repurchase each of the six correspondent loans. But instead of presenting each underlying loan and its corresponding breach in a separate count, Chase lumps the six transactions together, labels them "Counts One Through Six," and alleges all preceding allegations support all six counts. It does the same with the five home equity loans. The Complaint does not parse out which underlying transaction supports which claim for relief, when doing so would promote clarity, and thus violates Rule 10(b). *See also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating a complaint "is a perfect example of 'shotgun' pleading" when "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"). In failing to comply with Rule 10(b), the Complaint does not satisfy the Rule 8(a)(2) requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV P. 8(a)(2)).

Chase maintains its Complaint creates no ambiguity or confusion because it attached the loans as exhibits to the Complaint and labeled them one through eleven, so each exhibit corresponds to a count. Although this may help Hayhurst identify whether, for example, Count One or Count Six is based on the Gonzalez loan, it does not help Hayhurst identify which factual allegations support each distinct breach of the Correspondent Agreement and the Home Equity Agreement.

The solution to "a complaint [that] is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed . . . is a motion for a more definite statement under Rule 12(e) F.R.C.P." *Sisk v. Tex. Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981). However,

> if, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader. Implicit in such instruction is the notion that if the plaintiff fails to comply with the court's order — by filing a repleader with the same deficiency — the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of

4

monetary sanctions.

*Byrne*, 261 F.3d at 1133 (footnote call numbers omitted). In light of Chase's shotgun pleading, it must file an amended complaint that identifies the underlying transaction for each count and the supporting allegations.

**B.     Failure to State a Claim Pursuant to Rule 12(b)(6)**

Hayhurst asserts Chase fails to state a claim because its claims are not pled with the particularity Rule 9(b) requires. Hayhurst maintains Rule 9(b) applies here — to Chase's breach of contract claims — because Chase "alleges fraudulent conduct but without any elements of specificity, only base conclusions." (Mot. to Dismiss [ECF No. 19] at 8).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). "[T]he particularity requirement in Rule 9(b) applies only to averments of fraud, although it does apply in whatever substantive or factual context fraud might arise." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1297, at 169 (3d ed. 2004); *accord Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("Rule 9(b) applies to 'averments of fraud,' not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations."). For example, in *Borsellino*, the case Hayhurst relies upon, the court dismissed "claims of interference with economic advantage, interference with fiduciary relationship, and civil conspiracy" because they were "premised upon a course of fraudulent conduct." 477 F.3d at 507. There, the plaintiffs alleged the action arose out of a pattern of fraud, the defendant conspired with others to defraud the plaintiffs, and the fraud constituted tortious interference. *See id.*

Unlike the *Borsellino* plaintiffs, Chase is not alleging Hayhurst defrauded it. The elements

Case No. 10-21501-CIV-ALTONAGA/Brown

of fraud are: (1) a false statement of material fact; (2) defendant's knowledge that the statement is false; (3) defendant's intent that the statement induce the plaintiff to act; and (4) plaintiff's reliance on the statement. *See Parham v. Fla. Health Scis. Ctr., Inc.*, 35 So. 3d 920, 928 (Fla. 2d DCA 2010). Here, Chase's allegations of "fraudulent conduct" pertain only to the first element of fraud. For the Correspondent Agreement, Chase alleges the loan documents contained "Fraudulent Documents," *i.e.*, a document "which, in the reasonable judgment of Chase, is falsified, defective, misleading or inaccurate in any material respect." (Compl. Ex. A at 2). Similarly, for the Home Equity Agreement, Chase alleges the loan documents contained "untrue statement[s] of fact" or omitted "fact[s] necessary to make the statements contained therein not misleading." (Compl. ¶ 23). Chase does *not* allege that Hayhurst knew the documents were false or that Hayhurst intended to induce Chase to act by making a false statement. Despite repeatedly using the word "fraudulent," at bottom Chase alleges only that the documents contained false statements of material fact. That, by itself, is not an allegation Hayhurst engaged in fraud or fraudulent conduct.

**C.      Failure to Attach Important Documents**

Finally, Hayhurst asserts Chase failed to attach important "assignment and contract documents to its complaint" and requests the Court require Chase to attach these documents to the Complaint. (Mot. to Dismiss at 8). Hayhurst's request is denied for two reasons. First, Hayhurst cites no authority indicating why these documents must be included at the pleading stage. *See* S.D. FLA. L.R. 7.1(a). Second, although Rule 10(c) authorizes a party to attach supporting documents to pleadings, it does not require a party to do so. *See* FED. R. CIV. P. 10(c). Hayhurst may request Chase produce these documents during discovery. *See* FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense —

Case No. 10-21501-CIV-ALTONAGA/Brown

including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . .").

### IV.  CONCLUSION

Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 19]** is **GRANTED IN PART**.

2. On or before **August 9, 2010**, Chase shall file an amended complaint consistent with this Order and Federal Rules of Civil Procedure 8(a)(2) and 10(b).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of July, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record