UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-21501-CIV-ALTONAGA/Brown

**JPMORGAN CHASE BANK, N.A.**,

    Plaintiff,

vs.

**HAYHURST MORTGAGE, INC.**,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendant, Hayhurst Mortgage, Inc.'s ("Hayhurst['s]") Motion to Dismiss Plaintiff's First Amended Complaint (the "Second Motion") [ECF No. 30], filed August 31, 2010. The Court has carefully considered the parties' submissions and the applicable law.

**I. BACKGROUND**[1]

This is Hayhurst's second motion to dismiss the claims asserted by JPMorgan Chase Bank, N.A. ("Chase"). Hayhurst's Motion to Dismiss Complaint and Claim for Attorney's Fees (the "First Motion") [ECF No. 26], filed July 21, 2010, was granted in part and denied in part because Chase's complaint failed to adhere to Federal Rule of Civil Procedure 8(a)(2). (*See* July 26 Order ). Chase filed its Amended Complaint on September 3, 2010. Hayhurst filed its Second Motion on September 17, 2010. In its Second Motion, Hayhurst renews its request that the Court dismiss Chase's

---

[1] The Amended Complaint [ECF No. 25] alleges the same facts outlined in the background section of the Order entered on July 26, 2010 (the "July 26 Order") [ECF No. 26]. Those facts are not repeated here.

Amended Complaint as an impermissible shotgun pleading.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 U.S. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A shotgun pleading is "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128–29 (11th Cir. 2001)). "Pleadings of this nature are prohibited by Rule 8(a)(2), which requires . . . 'a short and plain statement of claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

## III. ANALYSIS

A review of the Amended Complaint reveals Chase has parsed into separate counts each underlying loan and its corresponding breach pursuant to the July 26 Order. (*See* July 26 Order 4–5 (directing Chase to file an amended complaint which "identifies the underlying transaction for each count and the supporting allegations.")). Contrary to Hayhurst's assertions, Chase may incorporate its general allegations into each separate count without automatically transforming the Amended Complaint into an impermissible shotgun pleading. (*See* Second Mot. 2–3); *see also Lockheed Martin Corp. v. Boeing Co.*, 314 F. Supp. 2d 1198, 1207 (M.D. Fla. 2004) (finding a complaint which incorporates all general allegations into every count was not an impermissible shotgun pleading because the complaint reiterated the specific factual allegations supporting the respective counts). In an effort to avoid redundant and repetitive pleading, the allegations in each count refer

Case No. 10-21501-CIV-ALTONAGA/Brown

to specific paragraphs in the general allegations that support the particular breach alleged. These changes bring Chase's Amended Complaint in line with the July 26 Order and the requirements of Federal Rule of Civil Procedure 8(a)(2). Dismissal of the Amended Complaint is unwarranted.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendants, Hayhurst Mortgage, Inc.'s Motion to Dismiss **[ECF No. 30]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of October, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record